Beier, J.,
dissenting: I respectfully dissent from the majority’s decision. The State did not breach the plea agreement.
When asked for the State’s sentencing recommendation, the prosecutor explicitly referred the district judge to the plea agreement. I am certain that the judge had tire district court file before him, and the original of the plea agreement was, according to the record on appeal, filed with the Defendant’s Acknowledgment of Rights and Entry of Plea in the district court a full month before tire presentence investigation report. The presentence investigation report provides indispensable architecture for a sentencing judge. Its content and that of the preceding plea agreement could not have been overlooked or ignored. This conclusion also is supported by the district judge’s statement that he did not see the prosecutor’s argument “as going outside the plea agreement, there is just a disagreement as to the extent of the injuries.” Again, this statement demonstrates the district judge’s familiarity with the plea agreement. The prosecutor’s reference to the plea agreement was shorthand, not a failure to communicate.
Further, the prosecutor’s use of “sort of’ in the phrase “sort of bound by the plea agreement” came in response to a repeated request for input from the judge. Read in context, it merely expressed understandable reluctance to run the risk of much elaboration beyond what was stated in the agreement. And the prosecutor’s mention of the photographs of the victim’s injuries was merely responsive to what appeared to be defense counsel’s mistake or misrepresentation on that point. A prosecutor—even one *122 bound by a plea agreement—is entitled to set the record straight when defense counsel’s presentation may have left an inaccurate impression. See State v. Peterson, 296 Kan. 563, 571, 293 P.3d 730 (2013) (promise to stand silent at sentencing does not require prosecutor to remain silent in face of factual misstatements).
Under these circumstances, the defendant got what she bargained for. The State did not commit a sin of omission. It committed no sin, not even a venial one, and it should not be required to participate in the penitential rite of a new sentencing in exchange for this court’s absolution.
Nuss, C.J., and Luckert, J., join in the foregoing dissenting opinion.